UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LINDON JUNIOR TORRENEGRA BUELVAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00148-JRS-MG |
| | ) | |
| WARDEN, | ) | |
| CLAY COUNTY JUSTICE CENTER, | ) | |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
| SECRETARY OF THE U.S. | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | | |
| U.S. ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Lindon Torrenegra Buelvas ("the Petitioner") is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on January 23, 2026, and is detained at the Clay County Jail in Brazil, Indiana. On March 3, 2026, the Petitioner's brother, Amaya Torrenegra Jouhart, signed and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, representing himself as the Petitioner's next friend. Dkt. 1. On March 9, the Court issued an order to show cause. Dkt. 6. In addition to ordering the Respondents to respond to the petition, the Court instructed Mr. Torrenegra Jouhart to demonstrate that he satisfies the legal standard for "next friend" standing. Mr. Torrenegra Jouhart filed a brief addressing

1

his standing and the Respondents responded. Dkts. 8, 10. Mr. Torrenegra Jouhart filed a reply on April 1. Dkt. 12.

The Court **denies** the petition **without prejudice** because, even if Mr. Torrenegra Jouhart does satisfy the requirements of next friend standing, he may not proceed pro se in this matter. Federal courts generally disapprove of allowing next friends to proceed pro se. Two federal statutes form the basis for this prohibition. Title 28 U.S.C. § 1654 states, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Additionally, Federal Rule of Civil Procedure 11(a) states "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Thus, "representative parties such as next friends may not conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney." *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (citing 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a)); *Jones v. Griggs*, 612 F. App'x 395, 396 (7th Cir. Aug. 14, 2015) (explaining that even if other requirements of next friend standing are met, "[the putative next friend] is not a lawyer and thus cannot represent [plaintiff] as next friend without counsel.") (citing 28 U.S.C. § 1654); *see also Florez Perez*, 2026 WL 59785 at *1 (granting next friend status, but holding that "the statute does not authorize the 'next friend' to proceed without an attorney").

2

Though, some district courts have allowed pro se next friends to litigate, the Court finds that federal statute and Seventh Circuit precedent foreclose this possibility in this case. Furthermore, Mr. Torrenegra Jouhart's filings demonstrate that he is using artificial intelligence.[1] Though there is no brightline rule against using artificial intelligence, the content of Mr. Torrenegra Jouhart's filings reveal that counsel is needed to litigate this case. Thus, the Court must deny the petition without prejudice because Mr. Torrenegra Jouhart may not proceed as next friend without a lawyer.

For the above reasons, the Court **denies** the Petitioner's habeas petition and **dismisses this case without prejudice**. Mr. Torrenegra Jouhart may refile the petition through counsel.[2]

---

[1] The County Respondent noted that "[T]he Petition, which appears to be AI generated based on formatting and content, does not establish that the 'next friend' is in any better position to litigate on the behalf of the real party in interest. That is, there is nothing in the Petition or Brief to suggest that Mr. Amaya Torrenegra Jouhart is in any better position than the real party in interest to understand federal legal procedures, review legal documents, and prepare filings that comply with the requirements of this Court." Dkt. 11 at 2. Mr. Torrenegra Jouhart's reply acknowledged this and stated, "[t]here is no prohibition against receiving assistance in the preparation of legal filings. What matters is whether the legal requirements are satisfied." Dkt. 12 at 4. Though there is no outright prohibition on using AI, the Seventh Circuit recently explained that "nothing about the many efficiencies and promises offered by AI eliminates the peril that may well accompany a serious abdication of the care the law demands of even unrepresented parties." *Jones v. Kankakee County Sheriff's Department*, 164 F.4th 967, 971 (7th Cir. 2026).

[2] If Mr. Torrenegra Jouhart refiles the petition through counsel, he still must show that he has standing as "next friend." The Petitioner's limited language proficiency weighs in favor of next friend standing. *See, e.g.*, *Dupuy v. Unknown Party*, 2025 WL 3653155, at *3 (W.D. Mich. Dec. 17, 2025) ("[T]he Court concludes that the petition, pending motions, and attached documents adequately demonstrate that the justice system is inaccessible to Ms. Mantilla Mora, who is detained in an ICE detention facility with 'limited English proficiency.'"); *Florez Perez v. Bondi*, 2026 WL 59785, at *1 (S.D. Cal. Jan. 7, 2026) (granting motion to act as next friend because of the petitioner's limited English proficiency, which the next friend swore was insufficient to understand or litigate federal habeas corpus procedure, and the petitioner

3

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 4/8/2026

_____

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

LINDON JUNIOR TORRENEGRA BUELVAS
1211 Ada St.
Joliet, IL 60432

U.S. ATTORNEY GENERAL

Jeffrey D. Preston
DOJ-USAO
jeffrey.preston@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

---

had no access to legal research tools, law library resources, or federal procedural materials) (internal quotations omitted). Nevertheless, Mr. Torrenegra Jouhart must provide evidence of the extent of the Petitioner's English-language proficiency *and* how his proficiency impacts his ability to litigate *this particular case. See Weber v. Garza*, 570 F.2d 511, 514 n.4 (5th Cir. 1978) (quoting *United States ex rel. Bryant v. Houston*, 273 F.915 915, 916 (2d Cir. 1921)) (explaining that "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of the proper use of the 'next friend' application . . . [b]ut the complaint must set forth some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the complaint and who 'the next friend' is. It was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends."). In any event, if counsel is obtained, counsel could represent Petitioner directly, thereby undermining any complaint regarding language proficiency or the challenges posed by detention.